UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE WRIGHT,

                             Plaintiff,

-against-                                  **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity;
and New York City Police Officers CHRISTOPHER    **JURY TRIAL**
SMITH (Shield No. 1886) and JOHN DOE, in their
individual capacities

                            Defendants.
------------------------------------------------------------------X

        Plaintiff GEORGE WRIGHT ("Mr. WRIGHT" or "PLAINTIFF"), by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against the defendants named above alleges as follows:

**PRELIMINARY STATEMENT**

        1.     This civil rights action seeks redress under 42 U.S.C. § 1983 for injuries PLAINTIFF sustained from the unconstitutional conduct of defendants THE CITY OF NEW YORK ("CITY"), and New York City Police Officers CHRISTOPHER SMITH (Shield No. 1886) ("SMITH") and JOHN DOE ("DOE").

        2.     Mr. WRIGHT seeks redress for the substantial injuries he suffered when the defendant police officers unlawfully arrested him without any reasonable suspicion of illegal activity while he was standing in front of his parked car waiting for his partner in the Bronx, New York. Defendant police officers seized Mr. WRIGHT, handcuffed him, searched him and his vehicle without his consent, seized Mr. WRIGHT's prescribed pain medication from the glove box of his car, and falsely charged him with criminal possession and criminal sale of a

1

controlled substance. Approximately twelve hours after taking Mr. WRIGHT into custody, the defendant police officers dropped the false charges against him.

3.      PLAINTIFF seeks (i) compensatory damages for loss of liberty, psychological and emotional distress, and other injuries caused by the illegal actions of the defendant Police Officers; (ii) punitive damages to deter such intentional and/or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

5.      This Court is the proper venue pursuant to 28 U.S.C. §1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

7.      Mr. WRIGHT, a citizen of the United States, was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

8.      Defendant THE CITY OF NEW YORK ("the CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately

responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9. Defendant police officers CHRISTOPER SMITH ("SMITH") and JOHN DOE ("DOE") are NYPD Police Officers who unlawfully seized, searched, frisked, and arrested Mr. WRIGHT without suspicion of any illegal activity and lodged false criminal charges against him.

10. Upon information and belief, defendant police officers SMITH and DOE are still NYPD Police Officers.

11. At all times relevant herein, defendant police officers SMITH and DOE acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the CITY and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the CITY and/or the NYPD.

12. At all times relevant herein, defendant police officers SMITH and DOE violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution of which reasonable police officers in their circumstances would have known.

**STATEMENT OF FACTS**

13. On November 12, 2015, at approximately 2:00 p.m., Mr. WRIGHT was in his vehicle, driving and running errands with his partner, Tonya McKenzie, in the Bronx, New York.

14. When Mr. WRIGHT was on Prospect Avenue in the vicinity of 163rd Street, he pulled over and parked his car to allow Ms. McKenzie to make a brief stop at a clinic located nearby

15. Mr. WRIGHT waited for Ms. McKenzie on the sidewalk, alongside his vehicle.

16. Eventually, Mr. WRIGHT went into a nearby deli and purchased a beverage.

17. When Mr. WRIGHT exited the store, defendant police officers SMITH and DOE, without reasonable suspicion to believe Mr. WRIGHT had engaged in any unlawful activity, appeared, forcefully grabbed Mr. WRIGHT, and demanded to know if he had anything in his pockets.

18. Defendant police officers SMITH and DOE searched Mr. WRIGHT.

19. Defendant police officers SMITH and DOE did not find anything illegal as a result of their search of Mr. WRIGHT.

20. Defendant police officers SMITH and DOE handcuffed Mr. WRIGHT.

21. Without obtaining Mr. WRIGHT's consent, defendant police officers SMITH and DOE removed Mr. WRIGHT's car keys from his pockets.

22. Defendant police officers SMITH and DOE used Mr. WRIGHT's car keys to identify Mr. WRIGHT's vehicle and unlock it.

23. Defendant police officers SMITH and DOE, without obtaining Mr. WRIGHT's consent, proceeded to search Mr. WRIGHT's vehicle.

24. Defendant police officers SMITH and DOE removed a prescription medicine bottle from Mr. WRIGHT's glove compartment.

25. The bottle had a prescription medicine label on it indicating that the contents of the bottle was Oxycodone that had been prescribed to Mr. WRIGHT by a licensed medical doctor.

26. Mr. WRIGHT informed defendant police officers SMITH and DOE that he was prescribed Oxycodone because he had chronic back and leg pain.

27. Upon information and belief, defendant police officers SMITH and DOE called the pharmacy that issued the prescription and confirmed Mr. WRIGHT's information.

28. Defendant police officers SMITH and DOE took Mr. WRIGHT to Police Service Area 7 and left Mr. WRIGHT's car and car keys with Ms. McKenzie.

29. Mr. WRIGHT asked defendant police officers SMITH and DOE why they were arresting him and the police officers responded, "We'll figure it out when we get to the precinct."

30. At Police Service Area 7, Mr. WRIGHT was searched, processed and confined to a holding cell that was infested with bed bugs for several hours.

31. Mr. WRIGHT suffered extreme pain in his back and legs and asked police officers for his prescription medicine.

32. A police officer responded that they were not allowed to administer any drugs.

33. Mr. WRIGHT asked a police officer if he could be taken to a hospital but changed his mind when the police officer told Mr. WRIGHT that going to the hospital would significantly delay his release from custody.

34. Mr. WRIGHT was eventually transferred to Central Booking, located at 215 East 161st Street, Bronx, NY 10451.

35. Mr. WRIGHT saw a judge the following day and was released on his own recognizance.

36. Mr. WRIGHT eventually learned that the drug charges against him had been dropped.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights
### (*Against the Individual Defendants*)

37. PLAINTIFF realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

38. In committing the acts and omissions complained of herein, defendants SMITH and DOE acted under color of state law to deprive PLAINTIFF of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a. freedom from unreasonable search and seizure of his person and property;

   b. freedom from arrest without probable cause;

   c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion or legal justification, of which wrongful detention PLAINTIFF was aware and did not consent;

   d. freedom from the lodging of false charges against him by police officers, including on information and belief, by some or all of the individual defendants; and

   e. freedom from deprivation of liberty without due process of law.

39. In committing the acts and omissions complained of herein, defendants SMITH and DOE breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

40. As a direct and proximate result of defendant NYPD police officers SMITH's and DOE's deprivation of PLAINTIFF's constitutional rights, PLAINTIFF suffered the injuries and damages set forth above.

41. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
**Liability of the City of New York For Constitutional Violations**
(*Against the City of New York*)

42. PLAINTIFF realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

43. The unconstitutional conduct of defendants SMITH and DOE was directly and proximately caused by policies, practices, and or customs devised, implemented, enforced, condoned, encouraged, and sanctioned by the CITY.

44. Upon information and belief, the unlawful types of arrest and prosecution seen in this case are regularly recurring in the Bronx, which circumstances are known to, or should be known to, NYPD supervisors and commanders.

45. These customs, policies and practices result from inadequate training of police officers, improper written policies and training protocols of the NYPD, insufficient supervision of NYPD police officers, and a failure to discipline officers who have conducted unlawful stops and/or arrests.

46. The NYPD's unlawful customs, policies, and practices have caused a large number of Bronx residents, including PLAINTIFF, to be regularly arrested and charged without any reasonable suspicion or probable cause to believe they had engaged in criminal conduct.

47. At all relevant times, the CITY, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or

7

custom of stopping and arresting people in the Bronx without the reasonable, articulable suspicion of criminality required by the Fourth Amendment, and, in particular, has displayed deliberate indifference toward this widespread practice of unconstitutional stops and arrests in the Bronx.

48. By displaying deliberate indifference toward a widespread practice of unconstitutional stops and arrests in the Bronx and by the above-mentioned failures, the CITY has caused PLAINTIFF to be subjected to the violations of her constitutional rights alleged herein.

49. As a result of the foregoing, PLAINTIFF suffered the injuries and damages alleged herein.

## **DEMAND FOR RELIEF**

**WHEREFORE**, PLAINTIFF demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from defendant NYPD police officers SMITH and DOE to the extent allowable by law;

(c) attorneys' fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York  
February 26, 2018

BELDOCK LEVINE & HOFFMAN LLP  
99 Park Avenue, Suite 2600  
New York, New York 10016  
(212) 490-0400

 /s/ Marc A. Cannan  
Marc A. Cannan (MC0513)  
*Attorneys for Plaintiff*